IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHANIE BIEDIGER, KAYLA LAWLER, ERIN OVERDEVEST, KRISTEN CORINALDESI, and LOGAN RIKER, individually and on behalf of all those similarly situated; and ROBIN LAMOTT SPARKS, individually, <br><br>Plaintiffs, <br><br>v. <br><br>QUINNIPIAC UNIVERSITY, <br><br>Defendant. | Civil Action No. 3:09cv621 (SRU) |

## UNITED STATES' MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

The United States hereby moves for leave to participate as amicus curiae in this matter. In support of its motion, the United States asserts the following:

1. Plaintiffs allege that Quinnipiac University is intentionally discriminating against its female student athletes on the basis of sex in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, et seq.

2. In their amended complaint, filed December 9, 2009, Plaintiffs set forth five claims, the first of which is that Quinnipiac fails to provide female student athletes an equal opportunity to participate in varsity intercollegiate athletics, and that this failure constitutes intentional sex discrimination. A bench trial, limited in scope only to this claim, is set for June 21, 2010.

3.	The United States plays a central role in the enforcement of Title IX.  The United States Department of Education ("ED") promulgates regulations interpreting and enforcing Title IX.  34 C.F.R. Pt. 106.  Under ED's regulations, no individual may be discriminated against on the basis of sex in any interscholastic athletic program of an institution covered by Title IX.  34 C.F.R. § 106.41(a), et seq.  The United States Department of Justice, through its Civil Rights Division, coordinates the implementation and enforcement of Title IX by the Department of Education and other executive agencies.  Exec. Order No. 12,250, 45 Fed. Reg. 72,995 (Nov. 4, 1980); 28 C.F.R. § 0.51 (1998).

4.	The United States has participated as an intervenor and amicus curiae in numerous cases with Title IX claims.  See, e.g., Communities for Equity v. Mich. High Sch. Athletic Ass'n, Inc., 459 F.3d 676 (6th Cir. 2006); Cook v. Florida High School Athletic Ass'n, Civ. Action No. 3:09cv547 (M.D. Fla. 2009); Pedersen & United States v. S.D. High Sch. Activities Ass'n, CA: 00-4113 (D. S.D. 2000).

5.	This case poses questions regarding the proper interpretation and application of Title IX to a university's operation of its athletics program.  The United States has a strong interest in ensuring this federal law is interpreted and applied correctly given its responsibility for enforcing it.

6.	The Federal Rules of Civil Procedure do not specifically provide for the filing of "friends of the court" briefs at the district court level.  Nevertheless, district courts have broad discretion to grant or deny permission to participate as amicus curiae, see United State v. Ahmed, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), and many courts have noted the important assistance amici can play.  See, e.g., Russell v. Bd. of Plumbing Exam'rs of County of Westchester, 74 F.

Supp. 2d 349, 351 (S.D.N.Y. 1999) (noting that the "primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public.").

7. "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence." United States v. Davis, 180 F. Supp. 2d 797, 800 (E.D. La. 2001). Courts typically permit amicus participation if the information offered is "timely and useful." Does 1-7 v. Round Rock Ind. Sch. Dist., 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007); Avellino v. Herron, 991 F. Supp. 730, 732 (E.D. Pa. 1998); Ellsworth Assoc. v. United States, 917 F. Supp. 841, 846 (D. D.C. 1996). The United States' proposed amicus brief satisfies both of these elements.

    a. The United States' amicus brief is timely as pre-trial briefs are to be submitted by June 21, 2010.

    b. The amicus brief provides information that the United States believes is both useful and critical to the Court in evaluating Plaintiffs' claims. Courts have deemed amicus participation useful when the party has a special interest in the issues raised in the litigation[1] or expertise in the relevant area of law.[2] As stated above, the United States has both a special interest and expertise concerning Title IX.

---

[1] See Ellsworth Assocs., 917 F. Supp. at 846; Martinez v. Capital Cities/ABC-WPVI, 909 F. Supp. 283, 286 (E.D. Pa. 1995) (soliciting EEOC's amicus participation to explain significance of letter it sent to plaintiff in employment discrimination case).

[2] See Pa. Envtl. Def. Found. v. Bellefonte Borough, 718 F. Supp. at 431, 434-35 (M.D. Pa. 1989) (permitting United States' amicus participation based on its "primary responsibility for insuring that the Clean Water Act is properly enforced ").

Wherefore, the United States requests that the Court grant leave to file the attached brief as <u>amicus</u> <u>curiae</u>.

Respectfully submitted,

 /s/ John Hughes                                  /s/ V. Kathleen Schleeter            

| | |
|---|---|
| DAVID B. FEIN<br>United States Attorney<br>District of Connecticut<br><br>BY:<br>JOHN HUGHES<br>Assistant United States Attorney<br>Connecticut Financial Center<br>157 Church Street, 23rd Floor<br>New Haven, CT  06510<br>Tel: (203) 821-3700<br>Fax: (203) 773-5373<br>Federal Bar #:  ct05289<br>john.hughes@usdoj.gov | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br>AMY I. BERMAN (D.C. Bar 480541)<br>CHRISTOPHER AWAD (MD Bar)<br>V. KATHLEEN SCHLEETER (VA Bar 77294)<br>Educational Opportunities Section<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Ave., NW<br>Patrick Henry Building, Suite 4300<br>Washington, D.C.  20530<br>Tel:  (202) 514-4092<br>Fax:  (202) 514-8337<br>v.kathleen.schleeter@usdoj.gov<br>christopher.awad@usdoj.gov<br>amy.berman@usdoj.gov<br><br>OF COUNSEL:<br><br>JAN GRAY<br>Office for Civil Rights<br>VANESSA A. SANTOS<br>Office of the General Counsel<br>United States Department of Education |

Dated:  June 21, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE BIEDIGER, KAYLA LAWLER, ERIN OVERDEVEST, KRISTEN CORINALDESI, and LOGAN RIKER, individually and on behalf of all those similarly situated; and ROBIN LAMOTT SPARKS, individually, | ) ) ) ) ) ) ) | Civil Action No. 3:09cv621 (SRU) |
| Plaintiffs, | ) | |
| v. | ) | |
| QUINNIPIAC UNIVERSITY, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jonathan B. Orleans
Alex V. Hernandez
Pullman & Comley, LLC
850 Main St., P.O. Box 7006
Bridgeport, CT  06601-7006
Email:  jorleans@pullcom.com
Email:  ahernandez@pullcom.com

Kristen Galles
Equity Legal
10 Rosecrest Ave.
Alexandria, VA  22301
Email:  kgalles@comcast.net

David McGuire
American Civil Liberties Union Foundation
   of Connecticut

2074 Park Street, Suite L
Hartford, CT  06106
Email:  dmcguire@acluct.org

Edward A. Brill
Susan D. Friedfel
Proskauer Rose, LLP
1585 Broadway
New York, NY  10036
Email:  ebrill@proskauer.com
Email:  sfriedfel@proskauer.com

Mary A. Gambardella
Wiggin and Dana, LLP
400 Atlantic Street
Stamford, CT  06911
Email:  mgambardella@wiggin.com


Dated:  June 21, 2010


               /s/ John Hughes_____
               Assistant United States Attorney