UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHANIE BIEDIGER, et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>QUINNIPIAC UNIVERSITY,<br>　　　Defendant. | No. 3:09cv621 (SRU) |

## CONFERENCE MEMORANDUM

On September 28, 2010, I held an in-person conference on the record with Jonathan Orleans and Alex Hernandez, representing the plaintiffs; and Edward Brill, Susan Friedfel, Rebecca Berkebile, and Jonathan Bardavid, representing the defendant, Quinnipiac University ("Quinnipiac" or "the University"). The purpose of the conference was to address the defendant's Title IX compliance plan (doc. # 182) and take up scheduling matters.

During the conference, I stated that Quinnipiac's plan, on its face, appears to be a good-faith effort that likely will bring the defendant into compliance with Title IX. I did not formally approve or disapprove the compliance plan, however, because the issue to be resolved in this case is not whether Quinnipiac will succeed in following the plan's terms but whether the plan's implementation will, in fact, bring the University into Title IX compliance. That can only be determined once Quinnipiac implements changes to its athletics department and the court holds a hearing on the legal effect of those changes.

I set the following schedule with respect to count one of the complaint, which was the basis for my memorandum of decision and injunction (docs. # 171 & # 180). Quinnipiac may move to lift the injunction or for an order declaring that the University is in compliance with Title IX. The court, however, will not act on Quinnipiac's motion until at least 120 days

following its filing.  That four-month period gives the parties sufficient time to conduct discovery, brief the motion, and prepare for a hearing regarding the University's Title IX compliance.

The parties are scheduled for a settlement conference before Magistrate Judge William I. Garfinkel on October 27, 2010 (doc. # 195).  Following that settlement conference, the parties will confer and confirm a proposed scheduling order for the remaining four claims to be litigated in this case.  I suggested that counts two and three of the complaint, which are brought on behalf of the plaintiff class, should be scheduled first, and that counts four and five, which are only brought on behalf of the named plaintiffs, should be scheduled for later.  I also ordered that the plaintiffs do not have to submit supporting expert reports for their motion for attorneys' fees (doc. # 181) until after the settlement conference with Judge Garfinkel.  Quinnipiac's time for responding to the attorneys' fees motion will not begin to run until the plaintiffs submit their expert reports.

It is so ordered.

Dated at Bridgeport, Connecticut, this 28th day of September 2010.

    /s/
Stefan R. Underhill
United States District Judge