IN THE UNITED STATES DISTRICT COURT-
FOR THE DISTRICT OF CONNECTICUT

------------------------------------- x
STEPHANIE BIEDIGER, KAYLA LAWLER, :
ERIN OVERDEVEST, KRISTEN : CIVIL ACTION NO:
CORINALDESI, and LOGAN RIKER, :
individually and on behalf of all those : 3:09-CV-00621 (SRU)
similarly situated; and :
ROBIN LAMOTT SPARKS, individually, :
:
      Plaintiffs, :
:
against :
:
QUINNIPIAC UNIVERSITY, :
:
      Defendant. : October 1, 2010
------------------------------------- x

**DECLARATION OF JONATHAN B. ORLEANS IN SUPPORT OF
APPLICATION FOR ATTORNEY FEES**

  I, Jonathan B. Orleans, declare as follows:

 1. I am above the age of 18, and understand the obligations of an oath.

 2. I am a member of the bar of this Court. I represent the Plaintiffs in this case.

 3. I make this Declaration in support of Plaintiffs' application for an award of attorney's fees, filed with the Court on August 4, 2010 (Docket Entry No. 181).

 4. I agreed to represent the Plaintiffs in this matter in March, 2009, when Attorney Kristen Galles approached the American Civil Liberties Union of Connecticut Foundation seeking Connecticut counsel. The named Plaintiffs had contacted Attorney Galles, who specializes in Title IX litigation, after Defendant announced its intention to eliminate the women's varsity volleyball program.

5. I am a member of the Board of Directors of the ACLU-CT Foundation, and have accepted cases on referral and/or served as co-counsel with ACLU-CT Foundation staff attorneys in several cases over the last 25 years, including *Stewart B. McKinney Foundation v. Town of Fairfield,* 790 F.Supp. 1197 (D.Conn. 1992) and *Tsombanidis v. City of West Haven,* 180 F.Supp.2d 262 (D.Conn. 2001), *affirmed in part* 352 F.3d 565 (2d Cir. 2003). Although I had no specific experience with Title IX, I have represented both plaintiffs and defendants in other types of discrimination cases. I offered to work on this case as co-counsel with Attorney Galles. Her years of Title IX litigation experience and deep subject-matter expertise were, in my opinion, crucial to our success. I know of no attorney in Connecticut with similar knowledge and experience in Title IX cases.

6. Attorney Galles and I made efforts to avoid unnecessary duplication of work in our handling of this case. Similarly, my law partner Alex Hernandez and I made efforts to avoid unnecessary duplication of work within our firm.

7. My law firm, Pullman & Comley, LLC, agreed to allow me to accept the case in part because of the prospect of an award of attorney fees pursuant to 42 U.S.C. § 1988.

8. Since we first became involved in this matter, my colleagues and I have kept track of the time devoted to this representation. Consistent with our standard procedures at the firm, we have tracked our time in increments of one-tenth of an hour. The time expended, and descriptions of the work performed, are posted to the computerized time and billing system maintained by the firm.

9.  Attached to this declaration as Exhibit A is a report generated by our time and billing system showing all of the time devoted to this matter by attorneys and paralegals at Pullman & Comley, LLC through September 15, 2010. For each date on which work was performed, the document indicates which attorney or paralegal performed the work, describes the work, and indicates how much time was spent. I have reviewed the report, and it is accurate to the best of my knowledge and belief. The last two pages of the report include a summary showing the total number of hours spent on the matter by each attorney and paralegal.

10. The original Complaint in this action asserted a claim on behalf of the student Plaintiffs for discriminatory allocation of athletic participation opportunities, and a claim on behalf of Coach Sparks for discrimination in violation of Title IX on account of the sex of the students she coaches. The Amended Complaint, filed in December 2009, added additional claims on behalf of the class Plaintiffs (for discriminatory allocation of scholarships and varsity benefits) and the named Plaintiffs (for retaliation). The great majority of the time that Plaintiffs' counsel have spent on this case has been in furtherance of the claim for discriminatory allocation of athletic participation opportunities which was tried to the Court in June of this year. (We do not seek compensation for time spent by Assaf Ben-Atar, a summer associate in 2009, researching a motion for attorney fees for the preliminary injunction stage of the case. We do, however, seek compensation for time spent by Randi Haraj-Sai, also a summer associate in 2009, preparing Plaintiffs' opposition to Defendant's Motion to Dismiss Coach Sparks' claims; Defendant withdrew the motion.)

11.     Each attorney and paralegal at Pullman & Comley has a "standard" hourly rate charged for most matters, and a "premium" rate that may be charged for matters that are unusually demanding or difficult. The standard and premium rates for the attorneys and paralegals who worked on this case are as follows:

| Timekeeper | Standard Rate | Premium Rate |
|---|---|---|
| Alex Hernandez | $ 420.00 | $ 460.00 |
| Jonathan Orleans | $ 395.00 | $ 435.00 |
| Carrie L. Larson | $ 280.00 | $ 310.00 |
| Adam S. Mocciolo | $ 245.00 | $ 270.00 |
| Assaf Ben-Atar | $ 175.00 | $ 175.00 |
| Randi Haraj-Sai | $ 175.00 | $ 175.00 |
| Andrew T. Lolli | $ 175.00 | $ 175.00 |
| Patricia LeBel-Lasse | $ 185.00 | $ 205.00 |
| Amy Whiting | $ 185.00 | $ 205.00 |
| Victoria Schneider | $ 185.00 | $ 205.00 |

12.     Attached as Exhibits B and C respectively are short biographies of myself and Attorney Alex Hernandez reflecting our experience as attorneys.

13.     I believe that in view of the complexity of the case, the demands placed on counsel by the short time between (first) the commencement of the case and the preliminary injunction hearing, and (second) the preliminary injunction hearing and the trial of Count One, the quality of the work performed, and the result, the Court should award Attorneys Hernandez and myself, as well as our associates and paralegal

support staff, at least our "premium rates," and should award Attorney Galles no less than the rate awarded to Attorney Hernandez.

14. Using the "premium rates" assigned to the lawyers and paralegals from Pullman & Comley, the lodestar amount to be awarded to Pullman & Comley (excluding Mr. Ben-Atar's time) would be calculated as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Alex Hernandez | 492 | $ 460.00 | $ 226,320.00 |
| Jonathan Orleans | 792.4 | $ 435.00 | $ 344,694.00 |
| Carrie L. Larson | 4.5 | $ 310.00 | $ 1,395.00 |
| Adam S. Mocciolo | .8 | $ 270.00 | $ 216.00 |
| Randi Haraj-Sai | 49.1 | $ 175.00 | $ 8,592.50 |
| Andrew T. Lolli | 11.5 | $ 175.00 | $ 2,012.50 |
| Patricia LeBel-Lasse | 41.8 | $ 205.00 | $ 8,569.00 |
| Amy Whiting | 107.7 | $ 205.00 | $ 22,078.50 |
| Victoria Schneider | 43.8 | $ 205.00 | $ 9,594.00 |
| Susanne E. Scroggins | 1 | $ 205.00 | $ 205.00 |
| | | **TOTAL REQUESTED:** | **$ 623,676.50** |

15. We also seek reimbursement of Pullman & Comley's out-of-pocket disbursements in the amount of $26,082.14. Those disbursements are listed on the last page of Exhibit A. "Copy expense" has been calculated at 0.15 per page.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2010                  /s/ Jonathan B. Orleans
                                                                  Jonathan B. Orleans

ACTIVE/73061.1/JORLEANS/2226026v2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2010                      /s/ Jonathan B. Orleans
                                                           Jonathan B. Orleans

ACTIVE/73061.1/JORLEANS/2226026v2

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, a copy of the foregoing *DECLARATION OF JONATHAN B. ORLEANS IN SUPPORT OF APPLICATION FOR ATTORNEYS FEES* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jonathan B. Orleans
Jonathan B. Orleans (ct05440)

ACTIVE/73061.1/JORLEANS/2258163v1