# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| STEPHANIE BIEDIGER, KAYLA LAWLER, ERIN OVERDEVEST, KRISTEN CORINALDESI, and LOGAN RIKER, individually and on behalf of all those similarly situated; and ROBIN LAMOTT SPARKS, individually, | : : : : : : : | CIVIL ACTION NO: 3:09-CV-00621 (SRU) |
| | : | |
| Plaintiffs, | : : | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD REQUEST FOR** |
| against | : | **PRODUCTION** |
| | : | |
| QUINNIPIAC UNIVERSITY, | : : | March 1, 2012 |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Quinnipiac

University, by and through its attorneys, states as follows for its responses and objections to

Plaintiffs' Third Request for Production:

## GENERAL RESPONSES AND OBJECTIONS

The following General Objections apply to and are expressly made part of Quinnipiac's

specific responses, set forth below, to each Document Request.

1.    Defendant objects to Plaintiffs' requests to the extent that they seek information or

production of documents beyond the scope of discovery permitted under the Federal Rules of

Civil Procedure.

2.    Defendant objects to Plaintiffs' requests to the extent that they call for disclosure

and/or production of documents or information protected by the attorney-client privilege, work

product doctrine, or other privilege, or which are otherwise immune from discovery.  Inadvertent

production of any such documents shall not constitute a waiver of any privilege with respect to

1

the subject matter thereof or the information contained therein, and shall not waive Defendant's

right to object to the use of any such information and/or document (or the information contained

therein) during any subsequent proceeding.

3.        Defendant objects to Plaintiffs' requests to the extent that they call for disclosure

of (i) confidential business information and/or (ii) personal information about individuals who

are not parties to this action.

4.        Defendant objects to Plaintiffs' requests to the extent that they require Defendant

to create any document not in existence at the time of its response to Plaintiffs' document request

or to produce documents which are no longer or which never were in Defendant's possession,

custody, or control, on the grounds that this is not required by the Federal Rules of Civil

Procedure.

5.        Defendant objects to Plaintiffs' requests on the ground that the time period for

which documents are requested is excessive, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.

2

## REQUESTS FOR PRODUCTION

### A.    Equipment/Supplies/Uniforms

#### Request No. 1:

Documents that state the University's policies, procedures, or practices for purchasing or providing equipment (from whatever source) for each varsity athletic team during each year since and including 1998-1999.

#### Response to Request No. 1:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive policies and procedures for the 2010-11 and 2011-

12 academic years.

#### Request No. 2:

Documents that show the amount of funds spent or the value of equipment used by each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

#### Response to Request No. 2:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce athletic department expenditure reports for the 2010-11 and

2011-12 academic years.

#### Request No. 3:

Documents that state the University's policies, procedures, or practices for purchasing or providing supplies (from whatever source) for each varsity athletic team during each school year since and including 1998-1999.

#### Response to Request No. 3:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

3

objections, Defendant will produce responsive policies and procedures for the 2010-11 and 2011-12 academic years.

**Request No. 4:**

Documents that show the amount of funds spent or the value of supplies used by each Quinnipiac varsity team during each school year since and including 1998-1999.

**Response to Request No. 4:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce expenditure reports for the varsity teams for the 2010-11 and

2011-12 academic years.

**Request No. 5:**

Documents that state the University's policies, procedures, or practices for purchasing or providing uniforms (from whatever source) for each varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 5:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive policies and procedures for the 2010-11 and 2011-12 academic years.

**Request No. 6:**

Documents that show the amount of funds spent or the value of uniforms used by each Quinnipiac varsity team during each school year since and including 1998-1999.

**Response to Request No. 6:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

4

objections, Defendant will produce expenditure reports for the varsity teams for the 2010-11 and

2011-12 academic years.

## Request No. 7:

Documents that show the number of sets of uniforms used by each Quinnipiac varsity athletic team (e.g., home and away or 2 home and 2 away sets), the number of uniforms available for each set, and the sizes of the uniforms in each set for each varsity team during each school year since and including 1998-1999.

## Response to Request No. 7:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 8:

Documents that state the University's policies, procedures, or practices for purchasing or providing practice uniforms, practice gear, pre-game warm-ups, shoes, protective gear, sweats, jackets, rain gear, and any other items (from whatever source) to varsity athletes (to use or keep) during each school year since and including 1998-1999.

## Response to Request No. 8:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive policies and procedures for the 2010-11 and 2011-

12 academic years.

## Request No. 9:

Documents that show the number of practice uniforms, practice gear, pre-game warm-ups, shoes, protective gear, and any other items provided to or used by Quinnipiac varsity athletes, for each varsity athletic team for each school year since and including 1998-1999.

## Response to Request No. 9:

Defendant objects to this request as overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 10:**

Documents that show the amount of funds spent or the value of any equipment, supplies, uniforms, practice uniforms, practice gear, warm-ups, shoes, protective gear, sweats, jackets, rain gear, and similar items obtained from third parties or otherwise not reflected in the University's budget documents for each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 10:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce team expenditure reports for the 2010-11 and 2011-12

academic years.

**Request No. 11:**

Documents relating to the condition, quality, or suitability of the equipment, supplies, uniforms, and related gear of each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 11:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years and maintained in the files of Andrew Castagnola, Tracey Flynn, William Mecca,

Jack McDonald, James Schilkowski, and Mark Thompson.

**Request No. 12:**

Documents relating to any concerns or complaints raised about the condition, quality, suitability, or amount of equipment, supplies, uniforms, and related gear of each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 12:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years and maintained in the files of Andrew Castagnola, Tracey Flynn, William Mecca,

Jack McDonald, James Schilkowski, and Mark Thompson.

**Request No. 13:**

Documents that show the maintenance and/or replacement schedules for the equipment, supplies, uniforms, practice uniforms, and related gear provided to each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 13:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant states that it does not have formal schedules for maintenance and

replacement of equipment, supplies, uniforms, practice uniforms and related gear.

**Request No. 14:**

Documents relating to any concerns or complaints raised about the maintenance and/or replacement schedules for the equipment, supplies, uniforms, practice uniforms, and related gear provided to each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 14:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See response to

Request No. 12.

**Request No. 15:**

Documents relating to the source of funding (e.g., University, athlete fundraising, boosters, 3rd parties) for the equipment, supplies, uniforms, practice uniforms, and other gear provided to each varsity athletic team during each school year from and including 1998-1999.

7

**Response to Request No. 15:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16:**

Documents relating to any request for more, new, or better equipment, supplies, uniforms, and/or
related gear for any University varsity athletic team during any school year since and including
1998-1999.

**Response to Request No. 16:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Requests No. 11 and 12.

**Request No. 17:**

Documents relating to the cost of installing or providing volleyball practice and/or competition
nets at the TD Bank Center.

**Response to Request No. 17:**

Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the

discovery of admissible evidence.

**Request No. 18:**

Documents sufficient to identify the storage areas available for the equipment, supplies,
uniforms, and related gear for each University varsity athletic team for each school year since and
including 1998-1999.

**Response to Request No. 18:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce floor plans for the athletic department facilities as they

8

existed in the 2010-11 and 2011-12 academic years.

**Request No. 19:**

Documents relating to each Quinnipiac varsity athletic teams access to equipment rooms and/or equipment managers during each school year since and including 1998-1999.

**Response to Request No. 19:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years and maintained in the files of Andrew Castagnola, Tracey Flynn, William Mecca,

Jack McDonald, James Schilkowski, and Mark Thompson.

**Request No. 20:**

Documents relating to each Quinnipiac varsity athletic team's access to laundry facilities and laundry persons during each school year since and including 1998-1999.

**Response to Request No. 20:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years and maintained in the files of Andrew Castagnola, Tracey Flynn, William Mecca,

Jack McDonald, James Schilkowski, and Mark Thompson.

**Request No. 21:**

Documents that show the number of student managers or similar assistants provided to each Quinnipiac varsity athletic team and the number of hours per week worked by such student managers or similar assistants on behalf of their assigned teams during each school year since and including 1998-1999.

9

**Response to Request No. 21:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years.

**Request No. 22:**

Documents relating to any concerns or complaints raised about the availability of/access to
storage, equipment rooms, equipment managers, laundry facilities, laundry persons, student
managers, or similar items or people for each Quinnipiac varsity athletic team for each school
year since and including 1998-1999.

**Response to Request No. 22:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years and maintained in the files of Andrew Castagnola, Tracey Flynn, William Mecca,

Jack McDonald, James Schilkowski, and Mark Thompson.

**Request No. 23:**

Documents sufficient to show the equipment budgets and actual equipment expenditures made
(from whatever source) for each Quinnipiac varsity athletic team for each year since and
including 1998-1999.

**Response to Request No. 23:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for 2010-11 and 2011-12.

10

**Request No. 24:**

Documents sufficient to show the supplies and/or incidentals budgets and actual expenditures (from whatever source) made for each Quinnipiac varsity athletic team for each year since and including 1998-1999.

**Response to Request No. 24:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for 2010-11 and 2011-12.

**Request No. 25:**

Documents sufficient to show the uniform budgets and actual expenditures made (from whatever source) for each Quinnipiac varsity athletic team for each year since and including 1998-1999.

**Response to Request No. 25:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for 2010-11 and 2011-12.

**Request No. 26:**

Documents sufficient to show the budgets and actual expenditures made (from whatever source) for practice uniforms, practice gear, warm-ups, shoes, protective gear, sweats, jackets, rain gear, and/or similar items for each Quinnipiac varsity athletic team for each year since and including 1998-1999.

**Response to Request No. 26:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for 2010-11 and 2011-12.

11

**B.     Schedules**

**Request No. 27:**

Documents that state the University's policies, procedures, or practices for scheduling varsity athletic practices for each varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 27:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the athletic department staff handbook for the 2010-11 and

2011-12 academic years and additional responsive documents in the files of William Mecca

relating to the 2010-11 and 2011-12 academic years.

**Request No. 28:**

Documents that state the University's policies, procedures, or practices for scheduling varsity athletic practices for teams that use the same facilities, including the use of indoor facilities during bad weather, during each school year since and including 1998-1999.

**Response to Request No. 28:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the athletic department staff handbook for the 2010-11 and

2011-12 academic years as well as responsive documents in the files of William Mecca relating

to the 2010-11 and 2011-12 academic year.

**Request No. 29:**

The practice schedules for each varsity athletic team at the University for each school year since and including 1998-1999, and documents sufficient to show the date, start time, length, and location of such practices.

**Response to Request No. 29:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the practice schedules for

each varsity athletic team for the 2010-11 and 2011-12 academic years.

**Request No. 30:**

Documents relating to any complaints/concerns about practice times or requests made for
different practice times for any Quinnipiac varsity athletic team during any school year since and
including 1998-1999 and documents relating to any responses or changes thereto.

**Response to Request No. 30:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12 in

the files of Tracey Flynn, William Mecca, Jack McDonald, and Mark Thompson.

**Request No. 31:**

Documents that state the University's policies, procedures, or practices for scheduling varsity
athletic competitions including limits, minimum number, and/or maximum number of
competitions - for each varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 31:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the athletic department staff handbook for 2010-11 and 2011-

12.

**Request No. 32:**

Documents or communications that suggest or indicate that any University varsity athletic team

13

schedule a minimum number, maximum number, or goal number of competitions during any school year since and including 1998-1999.

**Response to Request No. 32:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 33:**

Documents relating to any complaints/concerns about the number of competitions scheduled or requests to schedule additional competitions for any Quinnipiac varsity team during any school year since and including 1998-1999 and documents relating to any responses or changes thereto.

**Response to Request No. 33:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 34:**

The varsity competition schedules for each varsity athletic team at the University for each school year since and including 1998-1999, and documents sufficient to show the date, time, and location of such competitions (including whether the competition was home or away).

**Response to Request No. 34:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant has produced competition schedules for each team for 2010-11 and 2011-12.

**Request No. 35:**

The junior varsity or sub-varsity competition schedules for each Quinnipiac athletic team for each school year since and including 1998-1999, and documents sufficient to show the location of such competitions.

**Response to Request No. 35:**

Defendant objects to this request on the grounds that it is overly broad, based on a faulty

assumption, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 36:**

Documents that show the number and nature of events in which Quinnipiac athletes competed in each competition for each varsity athletic team that participates in multi-event competitions (e.g., track & field) during each school year since and including 1998-1999.

**Response to Request No. 36:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome,

duplicative of previous requests, and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to these objections, Defendant will produce documents sufficient

to identify the events in which the indoor track and field and outdoor track and field competed in

the 2010-11 and 2011-12 academic years.

**Request No. 37:**

Documents relating to any request that Quinnipiac enter more athletes or more events in multi-event competitions (e.g. track & field) during each school year since and including 1998-1999.

**Response to Request No. 37:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents in the files of Tracey Flynn, William

Mecca, Jack McDonald, and Mark Thompson.

**Request No. 38:**

The results of each athletic competition for each Quinnipiac varsity athletic team during each
school year since and including 1998-1999.

**Response to Request No. 38:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome,

duplicative of previous requests, and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to these objections, Defendant will produce cumulative team

statistics where available and, for the teams for which there are no cumulative team statistics,

Defendant will produce results for each athletic competition for the 2010-11 and 2011-12

academic years.

**Request No. 39:**

Documents sufficient to identify whether Quinnipiac athletes who participated in a competition
were eligible to score varsity points for the team.

**Response to Request No. 39:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 40:**

Documents that state the University's policies, procedures, or practices regarding the preferred
geographic region(s) or normal competitive region(s) for scheduling varsity athletic competitions.

**Response to Request No. 40:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

16

objections, Defendant will produce the 2010-11 and 2011-12 athletic department staff handbooks

and responsive documents in the files of Jack McDonald and William Mecca relating to the

2010-11 and 2011-12 academic years.

**Request No. 41:**

Documents or communications that suggest or indicate that any University athletic team schedule
competitions within a preferred geographic region or normal competitive region during any
school year since and including 1998-1999.

**Response to Request No. 41:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Jack McDonald, Mark Thompson, and William

Mecca.

**Request No. 42:**

Documents relating to any request that any Quinnipiac varsity athletic team be allowed to
schedule a competition outside the a preferred geographic region or normal competitive region
during any school year since and including 1998-1999 and documents relating to any responses
or changes thereto.

**Response to Request No. 42:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Jack McDonald, Mark Thompson, and William

Mecca.

**Request No. 43:**

Documents sufficient to show the competitive level (i.e., Division I, Division II, Division III, NAIA) of each opponent on the competition schedule of each University varsity athletic team during each school year from and including 1998-1999.

**Response to Request No. 43:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  See Response to

Request 34.

**Request No. 44:**

Documents that show the first and last dates of practice allowed by the NCAA or any Quinnipiac athletic conference for each University varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 44:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive conference rules for the 2010-11 and 2011-12

academic years to the extent they exist.

**Request No. 45:**

Documents that show the first and last dates of practice actually conducted by each University varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 45:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome,

duplicative of previous requests, and not reasonably calculated to lead to the discovery of

admissible evidence. See Response to Request No. 29.

18

**Request No. 46:**

Documents that state the maximum number of practice dates allowed by NCAA or Quinnipiac athletic conference rules for each University athletic team for each school year from and including 1998-1999.

**Response to Request No. 46:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will produce responsive conference rules for the 2010-11 and 2011-12 academic years to the extent they exist.

**Request No. 47:**

Documents that show the number of practice dates actually used by each University varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 47:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous requests and not reasonably calculated to lead to the discovery of admissible evidence. See Response to Request No. 29.

**Request No. 48:**

Documents that compare the maximum number of practice dates allowed by NCAA or Quinnipiac athletic conference rules with the actual number of practice dates used by each University varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 48:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, see Responses to Request Nos. 29 and 44.

19

**Request No. 49:**

Documents relating to any requests or concerns raised that any Quinnipiac varsity athletic team be allowed to practice on more dates during any school year since and including 1998-1999.

**Response to Request No. 49:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12 academic year in the files of Tracey Flynn, Jack McDonald, William Mecca, Robert Tipson, and Mark Thompson.

**Request No. 50:**

Documents that show the maximum and minimum number of competition dates allowed by NCAA or Quinnipiac athletic conference rules for each University varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 50:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will produce responsive conference rules for the 2010-11 and 2011-12 academic years to the extent they exist.

**Request No. 51:**

Documents that show the number of competition dates actually scheduled by each Quinnipiac varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 51:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and duplicative of previous requests.

**Request No. 52:**

Documents relating to any requests or concerns raised that any Quinnipiac varsity athletic team be allowed to schedule more competitions during any school year since and including 1998-1999.

**Response to Request No. 52:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents in the files of Tracey Flynn, William

Mecca, Jack McDonald, and Mark Thompson relating to the 2010-11 and 2011-12 academic

years.

**Request No. 53:**

Documents that show the first and last dates of competition allowed by the NCAA or any Quinnipiac athletic conference for each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 53:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive conference rules for the 2010-11 and 2011-12

academic years to the extent they exist.

**Request No. 54:**

Documents that show the first and last dates of competition actually conducted (for each season of competition) for each University varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 54:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and duplicative of previous

requests.  Subject to these objections, see Response to Request No. 34.

**Request No. 55:**

Documents relating to any request or concern raised that any Quinnipiac varsity athletic team be allowed to start practice or competition earlier during any school year since and including 1998-1999.

**Response to Request No. 55:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and duplicative of previous

requests.  Subject to these objections, see Response to Request Nos.  49 and 52.

**Request No. 56:**

Documents sufficient to show which Quinnipiac athletic teams are allowed by NCAA or athletic conference rules to practice or compete in more than one athletic season, including traditional and nontraditional seasons, and the number of competitions allowed in each season.

**Response to Request No. 56:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive conference rules for the 2010-11 and 2011-12

academic years to the extent they exist.

**Request No. 57:**

Documents sufficient to show which University athletic teams conducted practices before the first date of classes, after the last date of classes, and/or during university breaks, including the dates and locations of such practices, for each school year since and including 1998-1999.

**Response to Request No. 57:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce documents sufficient to identify the first and last date of

classes and dates of University breaks for academic calendars for 2010-11 and 2011-12.  See also

Response to Request No. 29.

**Request No. 58:**

Documents sufficient to show which University athletic teams competed before the first date of classes, after the last date of practices, and/or during university breaks, including the dates and locations of such competitions, for each school year since and including 1998-1999.

**Response to Request No. 58:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, see Responses to Request No. 57 and 34.

**Request No. 59:**

Documents sufficient to show the housing, meals, and other benefits provided to Quinnipiac varsity athletes who practiced or competed before the first date of classes, after the last date of classes, and/or during university breaks for each school year since and including 1998-1999.

**Response to Request No. 59:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years.

**Request No. 60:**

Documents relating to any requests or concerns raised that any Quinnipiac varsity athletic team be allowed to conduct more practices or competition before the first date of classes, after the last date of classes, or during university breaks during each school year since and including 1998-1999.

**Response to Request No. 60:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and duplicative of previous

requests. Subject to these objections, see Response to Request Nos. 49 and 52.

**Request No. 61:**

Documents relating to any requests or concerns raised that any Quinnipiac varsity athletic team
failed to receive sufficient housing, meals, or other services before the first date of classes, after
the last date of classes, or during university breaks during each school year since and including
1998-1999.

**Response to Request No. 61:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 62:**

Documents sufficient to show which University varsity athletic teams engaged in pre-season or
post-season competition - and the nature of that pre-season or post-season competition - during
any school year since and including 1998-1999.

**Response to Request No. 62:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the pre-season or post-season

competition engaged in by varsity teams in the 2010-11 and 2011-12 academic years.

**Request No. 63:**

Documents relating to any expenditures made by or on behalf of the University to enable any
Quinnipiac varsity athletic team to compete in or travel to any post-season competitions,
including but not limited to NCAA, athletic conference, and third-party-sponsored post-season
competitions.

24

**Response to Request No. 63:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for 2010-11 and 2011-12.

## C.    Travel/Transportation

**Request No. 64:**

Documents that state the University's policies, procedures, and practices for scheduling
transportation to varsity athletic practices and competitions off campus, including how many
hours or days in advance teams leave campus and how many hours or days afterward teams
return to campus, for each school year since and including 1998-1999.

**Response to Request No. 64:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the 2010-11 and 2011-12 Athletic Department Staff

Handbook.

**Request No. 65:**

Documents relating to the actual transportation schedule for Quinnipiac varsity athletic teams to
athletic practices and competitions off campus, including how many hours or days in advance
teams leave campus and how many hours or days afterward teams return to campus, for each
school year since and including 1998-1999.

**Response to Request No. 65:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 66:**

Documents sufficient to show the dates that Quinnipiac provided transportation for varsity
athletes to off-campus practices and competitions, including the dates and locations of such
practices and the means of transportation provided (e.g., car, van, bus), for each varsity athletic

team for each school year since and including 1998-1999.

**Response to Request No. 66:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 67:**

Documents that state the University's policies, procedures, and practices for the means of
transportation used by each varsity athletic teams (e.g., van, bus, plane) to travel to athletic
practices and competitions for each school year since and including 1998-1999.

**Response to Request No. 67:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce the Athletic Department Staff Handbook for 2010-11 and

2011-12.

**Request No. 68:**

Documents relating to the actual means of transportation used by each Quinnipiac varsity athletic
team (e.g., van, bus, plane) to travel to athletic practices and competitions for each school year
since and including 1998-1999.

**Response to Request No. 68:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 69:**

Documents relating to any incident in which a University athlete, coach, or other employee drove
Quinnipiac varsity student athletes to off campus practices or competitions, including the name
of the drive, the date of the travel, and the number of athletes driven, for each school year since
and including 1998-1999.

**Response to Request No. 69:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 70:**

Documents that state the University's policies, procedures, and practices for choosing and paying for accommodations and meals for each varsity athletic team when they practiced or competed off campus for each school year since and including 1998-1999.

**Response to Request No. 70:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the Athletic Department Staff Handbook for 2010-11 and

2011-12.

**Request No. 71:**

Documents relating to the actual accommodations and meals provided to each Quinnipiac varsity athletic team when they practiced or competed off campus, including the name of the establishments and the amounts paid, for each school year since and including 1998-1999.

**Response to Request No. 71:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce expenditure reports for the varsity athletic teams.

**Request No. 72:**

Documents that state the University's policies, procedures, and practices for assigning hotel rooms to varsity athletic teams, including the number of athletes and coaches assigned to each room, for each school year since and including 1998-1999.

**Response to Request No. 72:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the Athletic Department Staff Handbook for 2010-11 and

27

2011-12.

**Request No. 73:**

Documents relating to the actual hotel room assignments for Quinnipiac varsity athletic teams, including the number of athletes and coaches assigned to each room, for each school year since and including 1998-1999.

**Response to Request No. 73:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 74:**

Documents that state the University's policies, procedures, and practices for when varsity athletes receive per diem and how much per diem they receive for each varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 74:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the Athletic Department Staff Handbook for 2010-11 and

2011-12.

**Request No. 75:**

Documents relating to the actual per diem provided to athletes on each Quinnipiac varsity athletic team, including the date the per diem was provided and the amount that was provided, for each school year since and including 1998-1999.

**Response to Request No. 75:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce expenditure reports for the 2010-11 and 2011-12 academic

years.

**Request No. 76:**

Documents indicating any limits on the size of the travel squad or travel party for any Quinnipiac varsity athletic team for any school year since and including 1998-1999.

**Response to Request No. 76:**

Defendant objects to this request on the grounds that it is overly broad, unduly, burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant states that it does not impose any such restrictions beyond those imposed

by the NCAA and the conferences in which the teams participate.

**Request No. 77:**

Documents relating to any request that a travel or transportation budget be increased or that more athletes be allowed to travel with any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 77:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those

objections, Defendant will produce responsive documents in the files of Tracey Flynn, William

Mecca, Jack McDonald, and Mark Thompson.

**D.       Coaching**

**Request No. 78:**

Documents relating to or sufficient to show the name, education, athletic experience, coaching experience, prior coaching success, and other relevant experience (e.g., resumes, application materials) of each coach for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 78:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce resumes and/or biographies for the coaches of each varsity

athletic team for 2010-11 and 2011-12.

**Request No. 79:**

Documents relating to or sufficient to show the number of head coaches, associate coaches, assistant coaches, graduate assistant coaches, volunteer coaches, and any other kinds of coaches provided or available to each Quinnipiac varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 79:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the coaching staffs for each

varsity athletic team for 2010-11 and 2011-12.

**Request No. 80:**

Documents sufficient to show which coaches were/are employed full-time, part-time, or without pay for each Quinnipiac varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 80:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify which coaches were full-

time, part-time or volunteer for each varsity athletic team for 2010-11 and 2011-12.

**Request No. 81:**

Documents sufficient to show the amount of money that Quinnipiac paid to each head volleyball coach and each assistant volleyball coach during each school year since and including 1998-1999.

**Response to Request No. 81:**

Defendant objects to this request on the grounds that it is duplicative of previous requests, overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 82:**

Documents relating to and sufficient to show the athlete-to-coach ratio that existed for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 82:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and duplicative of previous requests.

**Request No. 83:**

The coaching contracts and related documents for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 83:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and duplicative of previous requests.

**Request No. 84:**

Documents relating to the compensation (from whatever source) received by each coach for each Quinnipiac varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 84:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will produce information reflecting compensation for varsity coaching in the 2010-11 and 2011-12 academic years.

31

**Request No. 85:**

Documents that state the University's policies, procedures, and practices for determining which Quinnipiac coaches and/or athletic teams are allowed to conduct camps on campus, how those camps are scheduled, and how the revenue from the campus is distributed.

**Response to Request No. 85:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 86:**

Documents relating to the amount of non-salary compensation and benefits (e.g., bonuses, retirement, insurance, cars, apparel, shoe contracts, TV/radio programs, cell phones) received by each coach (from whatever source) for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 86:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 87:**

Documents relating to any tuition remission, free tuition, or similar benefit provided to any Quinnipiac coach or family member because of the coach's employment at Quinnipiac, including the value of such benefit, for each school year since and including 1998-1999.

**Response to Request No. 87:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 88:**

Documents relating to the advertisement of and hiring criteria for any University job openings for coaches for any Quinnipiac varsity athletic team for any school year since and including 1998-1999.

**Response to Request No. 88:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 89:**

Documents relating to the job applications reviewed for any University coaching positions for any Quinnipiac varsity athletic team for any school year since and including 1998-1999.

**Response to Request No. 89:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 90:**

Documents relating to any non-coaching employees (e.g., recruiters, directors of basketball operations, videographers, secretaries) assigned in whole or in part to assist any Quinnipiac varsity athletic team (including the name, job description, and compensation of such employees) during any school year since and including 1998-1999.

**Response to Request No. 90:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify non-coaching employees

who are assigned, in whole or in part, to support specific varsity athletic teams in the 2010-11

and 2011-12 academic years.

**Request No. 91:**

Documents that state the University's policies, practices, and procedures for hiring coaches and for determining the compensation and benefits of coaches for each Quinnipiac varsity athletic team for each school year from and including 1998-1999.

**Response to Request No. 91:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 92:**

Documents relating to or sufficient to show the salaries, compensation, and other benefits provided to coaches employed by other schools in Quinnipiac's athletic conferences, including documents that compare Quinnipiac to those schools, for each school year since and including 1998-1999.

**Response to Request No. 92:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the results of compensation surveys produced by the NEC for

the 2010-11 and 2011-12 academic years.

**Request No. 93:**

Documents relating to or sufficient to show the number of coaches who coach each varsity athletic team at other schools in Quinnipiac's athletic conferences, including documents that compare Quinnipiac to those schools for each school year since and including 1998-1999.

**Response to Request No. 93:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 94:**

Documents relating to or sufficient to show the athlete-to-coach ratios for varsity athletic teams at other schools in Quinnipiac's athletic conferences, including documents that compare Quinnipiac to those schools, for each school year since and including 1998-1999.

**Response to Request No. 94:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**E.     Tutors**

**Request No. 95:**

Documents that state the University's policies, procedures, and practices relating to the provision of tutoring, study hall, academic support, or similar services to athletes from each varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 95:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce the Athletic Department Staff Handbook and the Student

Athlete Handbook for 2010-11 and 2011-12 and documents identifying the policies and

procedures of the Learning Center.

**Request No. 96:**

Documents that show the actual tutoring, study hall, academic support, or similar services provided to athletes from each varsity athletic team, including the costs for such services, for each school year since and including 1998-1999.

**Response to Request No. 96:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the student-athletes who

received tutoring through the Learning Connection in the 2010-11 and 2011-12 academic years.

**Request No. 97:**

Documents relating to the University's criteria for providing or procedures to obtain tutoring, study hall, academic support, or similar services to athletes from each varsity athletic team, including the costs for such services, for each school year since and including 1998-1999.

**Response to Request No. 97:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 95.

**Request No. 98:**

Documents relating to the qualifications, experience, and availability of the tutors and other academic support personnel provided to athletes from each varsity athletic team, including the costs for such services, for each school year since and including 1998-1999.

**Response to Request No. 98:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Request No. 95.

**Request No. 99:**

Documents relating to the payment of tutors and other academic support personnel provided to varsity athletes from each varsity athletic team, including the costs for such services, for each school year since and including 1998-1999.

**Response to Request No. 99:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 100:**

Documents sufficient to show the number of varsity athletes and the sport of each athlete who worked with each tutor or academic support person during each academic term since and including 1998-1999.

**Response to Request No. 100:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**F.    Facilities**

**Request No. 101:**

Documents relating to the planning and construction of the TD Bank Center, including the drafts

36

of all plans (whether or not implemented) and the cost of all phases of planning and construction.

**Response to Request No. 101:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 102:**

Documents relating to the planning and construction of all facilities used for Quinnipiac varsity
athletic team practices and/or home competitions, including the cost of all phases of planning and
construction, during each school year since and including 1998-1999.

**Response to Request No. 102:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 103:**

Documents relating to any plans (no matter how nascent or finalized) to construct, improve, or
remodel any facilities that may be used for practices or home competitions by Quinnipiac varsity
athletic teams, including the anticipated cost of all phases of planning and construction.

**Response to Request No. 103:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  Subject to these objections, Defendant

will produce documents sufficient to identify any formal plans to construct, improve, or remodel

any facilities that may be used for practices or home competitions by Quinnipiac varsity athletic

teams when available.

**Request No. 104:**

Documents relating to any plans (no matter how nascent or finalized) for the construction of any
new athletic, recreational, or physical education facilities for Quinnipiac students or varsity
athletes.

37

**Response to Request No. 104:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence. Subject to these objections, Defendant

will produce documents sufficient to identify any formal plans for the construction or renovation

of facilities for use by varsity athletes when available.

**Request No. 105:**

Documents sufficient to identify and/or visualize the practice and home competition facilities
used by each Quinnipiac varsity athletic team during each school year from and including 1998-
1999.

**Response to Request No. 105:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence. Subject to these objections, Defendant

will produce documents sufficient to identify the practice and home competition facilities used

by each varsity athletic team in the 2010-11 and 2011-12 academic year.

**Request No. 106:**

Documents relating to any investigation or assessment made of the sufficiency, quality, or
equality of any athletic facilities used for the practices or home competitions of each Quinnipiac
varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 106:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence and to the extent it seeks documents

protected by the attorney-client privilege. Subject to these objections, Defendant will produce

documents relating to any assessments made of the athletic facilities used for practices or home

competitions by the varsity athletic teams in the 2010-11 and 2011-12 academic years in the files

of Andrew Castagnola, Tracey Flynn, William Mecca, Jack McDonald, and Mark Thompson.

**Request No. 107:**

Documents sufficient to show the condition and quality of all facilities used for Quinnipiac varsity athletic team practices and/or home competitions during each school year since and including 1998-1999.

**Response to Request No. 107:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  See response to request 106.

**Request No. 108:**

Documents relating to the maintenance of any facilities used for practices or home competitions by Quinnipiac varsity athletic teams during each school year since and including 1998-1999.

**Response to Request No. 108:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.

**Request No. 109:**

Documents relating to any requests made for or complaints made about maintenance of any facilities used for practices or home competitions by Quinnipiac varsity athletic teams during each school year since and including 1998-1999.

**Response to Request No. 109:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  Subject to these objections, Defendant

will produce responsive documents relating to the 2010-11 and 2011-12 academic years in the

files of Andrew Castagnola, Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 110:**

Documents relating to any concerns or complaints raised about the safety of any practice or home competition facility used by any Quinnipiac varsity athletic team during each school year since

and including 1998-1999.

**Response to Request No. 110:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence. Subject to these objections, Defendant

will produce responsive documents relating to the 2010-11 and 2011-12 academic years in the

files of Andrew Castagnola, Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 111:**

Documents relating to any injuries sustained on the Quinnipiac softball field, including any
informal complaints or legal action related thereto, since and including 1998-1999.

**Response to Request No. 111:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence. See Responses to Requests 108 and 110.

**Request No. 112:**

Documents relating to any concerns or complaints raised about the condition, sufficiency,
quality, or equality of facilities provided for practices and/or home competitions for each
Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 112:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence. Subject to these objections, Defendant

will produce responsive documents relating to the 2010-11 and 2011-12 academic years in the

files of Andrew Castagnola, Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 113:**

Documents relating to the availability of the Burt Kahn Gym for varsity athletic team practices or competitions and/or any problems with the presence of nonathletic materials (e.g., tables, chairs) left on the court during practices or competitions during each year since and including 1998-1999.

**Response to Request No. 113:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  Subject to these objections, Defendant

will produce responsive documents relating to the 2010-11 and 2011-12 academic years in the

files of Andrew Castagnola, Tracey Flynn, William Mecca, Jack McDonald, and Mark

Thompson.

**Request No. 114:**

Documents relating to any plans (no matter how final or nascent) for the future use of the Burt Kahn Gym.

**Response to Request No. 114:**

Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the

discovery of admissible evidence.

**Request No. 115:**

Documents sufficient to show the location, condition, and quality of practice and home competition facilities used by Quinnipiac's sideline cheer team, competitive cheer team, and/or acrobatics and tumbling team during each year since and including 1998-1999.

**Response to Request No. 115:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  See Responses to Requests 105, 106, 109

and 110.

41

**Request No. 116:**

Documents sufficient to show the location, condition, and quality of practice and home competition facilities used by the men's rugby team on which Quinnipiac students play.

**Response to Request No. 116:**

Defendant objects to this request as not reasonably calculated to lead to discovery of admissible

evidence.

**Request No. 117:**

Documents sufficient to show the location, condition, and quality of practice and home competition facilities used by the women's rugby team, including the cost of building or preparing the facilities for the team's first year of competition.

**Response to Request No. 117:**

Defendant objects to this request as not reasonably calculated to lead to discovery of admissible

evidence.  See Responses to Requests 105, 106, 109 and 110.

**Request No. 118:**

Documents relating to or sufficient to show the spectator seating, restroom, concession, and/or other amenities available at the home competition facilities for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 118:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 119:**

Documents relating to or sufficient to show any spectator boxes or entertaining areas available at the home competition facilities for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 119:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

42

**Request No. 120:**

Documents relating to the University's decision not to allow the women's volleyball team to practice or compete at the TDBank Center, including any costs associated with allowing the women's volleyball team to use the facility.

**Response to Request No. 120:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 121:**

Documents relating to any plans, inquiries, or requests made to fix, improve, or replace the Quinnipiac field hockey facility, including any costs associated therewith.

**Response to Request No. 121:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 122:**

Documents relating to any plans, inquiries, or requests made to fix, improve, or replace the Quinnipiac lacrosse facility, including any costs associated therewith.

**Response to Request No. 122:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 123:**

Documents relating to any plans, inquiries, or requests made to fix, improve, or replace the Quinnipiac soccer facility, including any costs associated therewith.

**Response to Request No. 123:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 124:**

Documents relating to any plans, inquiries, or requests made to fix, improve, or replace the Quinnipiac baseball or softball facilities, including any costs associated therewith.

**Response to Request No. 124:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 125:**

Documents relating to any plans, inquiries, or requests made to fix, improve, or replace the Quinnipiac tennis facility, including any costs associated therewith.

**Response to Request No. 125:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 126:**

Documents relating to any plans, inquiries, or requests made to build, fix, improve, or replace any facilities used by the Quinnipiac women's rugby team, including any costs associated therewith.

**Response to Request No. 126:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

44

**Request No. 127:**

Documents relating to any plans, inquiries, or requests made to construct or rent an outdoor track and other track & field facilities for the practices and home competitions of the Quinnipiac track & field team.

**Response to Request No. 127:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 128:**

Documents relating to any plans, inquires, or requests made to construct or rent an indoor track and other track & field facilities for the practice and home competitions of the Quinnipiac track & field team.

**Response to Request No. 128:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Responses to

Requests 103, 110, and 112.

**Request No. 129:**

Documents relating to any plans (no matter how nascent or finalized) for Quinnipiac to construct an indoor or outdoor running/jogging facility or track for Quinnipiac students and/or employees.

**Response to Request No. 129:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and duplicative of previous

requests. See Response to Request No. 103.

**Request No. 130:**

Documents relating to any plans (no matter how nascent or finalized) for Quinnipiac to construct facilities for student club and/or intramural sport participation.

45

**Response to Request No. 130:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 131:**

Documents sufficient to show the home competition course for the Quinnipiac varsity cross
country team during any year since and including 1998-1999.

**Response to Request No. 131:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 132:**

Documents sufficient to show the varsity volleyball facilities at NEC schools.

**Response to Request No. 132:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably calculated

to lead to the discovery of admissible evidence, and seeks documents outside Defendant's

custody and control.

**Request No. 133:**

Documents sufficient to show the varsity track & field facilities at NEC schools.

**Response to Request No. 133:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably calculated

to lead to the discovery of admissible evidence, and seeks documents outside Defendant's

custody and control.

**Request No. 134:**

Documents sufficient to show the varsity facilities provided by other schools in Quinnipiac's
athletic conferences to their varsity athletic teams who compete against Quinnipiac.

46

**Response to Request No. 134:**

Defendant objects to this request on the grounds that it is overly broad, not reasonably calculated

to lead to the discovery of admissible evidence, and seeks documents outside Defendant's

custody and control.

**Request No. 135:**

The architectural plans for the Burt Kahn Gym and any on campus locker facilities used by each
Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 135:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce architectural plans/drawings for the Burt Kahn Gym and the

on campus locker facilities used by Quinnipiac varsity athletic teams in the 2010-11 and 2011-12

academic years.

**Request No. 136:**

Documents relating to and sufficient to show the locker, shower, restroom, and/or team room
facilities provided to each Quinnipiac varsity athletic team during each year since and including
1998-1999.

**Response to Request No. 136:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce architectural plans/drawings for the locker, shower, and team

room facilities used by Quinnipiac varsity athletic teams in the 2010-11 and 2011-12 academic

years.

**Request No. 137:**

Documents relating to any plans to construct, improve, or replace the locker, shower, restroom, and/or team room facilities provided to each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 137:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 104.

**Request No. 138:**

Documents relating to any requests for or concerns raised about access to or quality/condition of locker rooms for any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 138:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Andrew Castagnola, Tracey Flynn, Ernest Hallbach, William

Mecca, Jack McDonald, and Mark Thompson.

**Request No. 139:**

Documents relating to the coaching offices, coaching locker room, or similar facilities provided to each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 139:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably related to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce architectural plans/drawings of the facilities used by varsity

teams in 2010-11 and 2011-12.

**Request No. 140:**

Documents relating to the referee locker, dressing, or similar facilities provided to each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 140:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 141:**

Documents relating to and sufficient to show any team rooms, study rooms, lounges, or similar facilities provided to any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 141:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce architectural plans/drawings of the facilities used by varsity

teams in 2010-11 and 2011-12.

**Request No. 142:**

Documents that state the University's policies, procedures, and practices for preparing practice and home competition facilities for use by Quinnipiac's varsity athletic teams for each school year since and including 1998-1999.

**Response to Request No. 142:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to academic years 2010-11

and 2011-12 in the files of Jack McDonald, William Mecca, and Andrew Castagnola.

**Request No. 143:**

Documents relating to the use of the TDBank Center for any activities other than Quinnipiac varsity basketball or ice hockey during any school year since and including 1998-1999.

**Response to Request No. 143:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 144:**

Documents relating to the use of any Quinnipiac varsity athletic facility for activities other than practices and competition by Quinnipiac's varsity athletic teams during any school year since and including 1998-1999.

**Response to Request No. 144:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**G.      Medical & Training**

**Request No. 145:**

Architectural plans of all on campus training rooms, weight rooms, and conditioning facilities available to Quinnipiac students and/or varsity athletes during any school year since and including 1998-1999.

**Response to Request No. 145:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce architectural plans/drawings of all on campus training rooms,

weight rooms and conditioning facilities available to varsity athletes during the 2010-11 and

2011-12 academic years.

50

**Request No. 146:**

Documents relating to and/or sufficient to show the location, condition, and quality of all on campus training rooms, weight rooms, and conditioning facilities available to Quinnipiac varsity athletes during any school year since and including 1998-1999.

**Response to Request No. 146:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  See Responses to

Requests 145 and 147.

**Request No. 147:**

Documents relating to any concerns or complaints raised about the condition/quality of on campus training rooms, weight rooms, and conditioning facilities available to Quinnipiac students and/or varsity athletes during any school year since and including 1998-1999.

**Response to Request No. 147:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Ernest Hallbach, William Mecca, Jack McDonald,

and Mark Thompson.

**Request No. 148:**

Documents relating to any plans or requests to construct, improve, or replace on campus training rooms, weight rooms, and conditioning facilities available to Quinnipiac varsity athletes during any school year since and including 1998-1999.

**Response to Request No. 148:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  See Responses to

Requests 104 and 147.

51

**Request No. 149:**

Documents that state the University's policies, procedures, and practices related to the assignment of times for each varsity athletic team to use training room, weight room, or conditioning facilities or personnel during each school year since and including 1998-1999.

**Response to Request No. 149:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive policies and procedures relating to the 2010-11

and 2011-12 academic years.

**Request No. 150:**

Documents relating to the actual assigned or scheduled use of the training rooms, weight rooms, and conditioning facilities by Quinnipiac varsity athletic teams, during each school year since and including 1998-1999.

**Response to Request No. 150:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents in the files of William Mecca, Ernest

Hallbach and Brijesh Patel.

**Request No. 151:**

Documents sufficient to show the number and type of weight and conditioning equipment available to Quinnipiac varsity athletic teams during each school year since and including 1998-1999.

**Response to Request No. 151:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 152:**

Documents relating to any requests for or complaints about needing greater access to any on campus training rooms, weight rooms, and conditioning facilities or personnel made on behalf of any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 152:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents in the files of Tracey Flynn, Ernest

Hallbach, Jack McDonald, William Mecca, Brijesh Patel, and Mark Thompson.

**Request No. 153:**

Documents sufficient to show the names, employment, education, qualifications, experience, and job descriptions of all persons who provided medical, athletic training, weight training, strength and conditioning training, and/or similar services to Quinnipiac varsity athletic teams during any year since and including 1998-1999.

**Response to Request No. 153:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the names and qualifications

of all those who provide athletic training or strength and conditioning coaching to Quinnipiac's

varsity athletic teams during the 2010-11 and 2011-12 academic years.

**Request No. 154:**

Documents relating to the employment or use of student athletic trainers by Quinnipiac varsity athletic teams during any school year since and including 1998-1999.

**Response to Request No. 154:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 153.

**Request No. 155:**

Documents relating to the employment or use of student weight training, conditioning, or similar personnel by Quinnipiac varsity athletic teams during any school year since and including 1998-1999.

**Response to Request No. 155:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 153.

**Request No. 156:**

Documents relating to the assignment of certified athletic trainers vs. student athletic trainers to particular athletic facilities or particular Quinnipiac varsity athletic teams during each school year since and including 1998-1999.

**Response to Request No. 156:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 153.

**Request No. 157:**

Documents relating to the assignment of certified strength and conditioning or similar trainers/coaches vs. student/intern strength and conditioning personnel to particular athletic facilities or particular Quinnipiac varsity athletic teams during each school year since and including 1998-1999.

**Response to Request No. 157:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 153.

**Request No. 158:**

Documents sufficient to show whether certified athletic trainers, student athletic trainers, or no athletic trainers traveled with each Quinnipiac varsity athletic team to off campus practices or competitions during each school year since and including 1998-1999.

**Response to Request No. 158:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 159:**

Documents relating to the availability of athletic trainers and medical personnel to Quinnipiac varsity athletic teams that practice and/or compete outdoors.

**Response to Request No. 159:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome.

**Request No. 160:**

Documents relating to the availability and/or use of medical personnel and medical services by each Quinnipiac varsity athletic team, including personnel and services available at practices and home competitions, during each year since and including 1998-1999.

**Response to Request No. 160:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 161:**

Documents that state the University's policies, procedures, and practices for providing or arranging for the provision of medical and rehabilitation services to varsity athletes from each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 161:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive policies and procedures relating to the 2010-11

and 2011-12 academic years.

**Request No. 162:**

Documents relating to any requests for or complaints about needing greater access to any athletic trainers, doctors, or other medical personnel or services on behalf of any Quinnipiac varsity athletic team during any year since and including 1998-1999.

**Response to Request No. 162:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Ernest Hallbach, Jack McDonald, William Mecca,

and Mark Thompson.

**Request No. 163:**

Documents relating to the employment of weights, strength, conditioning, or related coaches/trainers for varsity athletes from each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 163:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 164:**

Documents relating the provision of health, accident, or other insurance coverage to varsity athletes of each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 164:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the University's policies

regarding the requirements for health insurance for athletes.

## H.    Housing & Dining

### Request No. 165:

Documents relating to the assignment of housing to the athletes on each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

### Response to Request No. 165:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 166:

Documents relating to the assignment of men's basketball and men's ice hockey athletes to special housing or the same housing during each school year since and including 1998-1999.

### Response to Request No. 166:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 167:

Documents sufficient to show the number of athletes from each Quinnipiac varsity athletic team that are/were assigned to each housing facility during each school year since and including 1998-1999.

### Response to Request No. 167:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 168:

Documents relating to the assignment of off campus housing or the payment of off campus housing costs for any Quinnipiac varsity athlete during any school year since and including 1998-1999.

**Response to Request No. 168:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant will produce documents sufficient to identify payments for off-campus housing costs for varsity athletes in the 2010-11 and 2011-12 academic years.

**Request No. 169:**

Documents relating to any assistance provided by any athletic personnel to Quinnipiac varsity athletes in the assignment of housing during each school year since and including 1998-1999.

**Response to Request No. 169:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 170:**

Documents relating to the assignment or use of housing facilities by the athletes of any Quinnipiac varsity athletic team before or after any academic term or during any academic break during each school year since and including 1998-1999.

**Response to Request No. 170:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 171:**

Documents sufficient to show the location, condition, quality, and amenities of each housing facility where Quinnipiac varsity athletes live/have lived during each school year since and including 1998-1999.

**Response to Request No. 171:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 172:**

Documents relating to the meal plans and/or the amount of funds available on meal cards, including whether the funds on such cards expire or can be used by others, for each Quinnipiac varsity athlete during each school year since and including 1998-1999.

**Response to Request No. 172:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce documents sufficient to identify the amount of funds

available on meal cards for student athletes receiving full scholarships during the 2010-11 and

2011-12 academic years.

**Request No. 173:**

Documents relating to the provision of pre-game meals to the members of each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 173:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce team expenditure reports from 2010-11 and 2011-12

academic years.

**Request No. 174:**

Documents relating to the provision of training table meals for each Quinnipiac varsity athlete during each school year since and including 1998-1999.

**Response to Request No. 174:**

Defendant object to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce team expenditure reports from 2010-11 and 2011-12

academic years.

**Request No. 175:**

Documents relating to the provision of meals to Quinnipiac varsity athletes who missed normal meals because of varsity athletic practices or competitions during each year since and including 1998-1999.

**Response to Request No. 175:**

Defendant object to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce team expenditure reports from 2010-11 and 2011-12

academic years.

**Request No. 176:**

Documents relating to the provision of meals to the athletes of any Quinnipiac varsity athletic team before or after any academic term or during any academic break during each school year since and including 1998-1999.

**Response to Request No. 176:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce will produce team expenditure reports from 2010-11 and

2011-12 academic years.


**I.     Publicity**

**Request No. 177:**

The media guides for each varsity athletic team at the University for each school year since and including 1998-1999.

**Response to Request No. 177:**

Defendant object to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce media guides for the 2010-11 and 2011-12 academic years.

**Request No. 178:**

Documents sufficient to show the names, employment, qualifications, and experience of
personnel who provide or were assigned to provide Quinnipiac varsity athletic teams with
marketing, promotion, publicity, and/or sports information services during each school year since
and including 1998-1999.

**Response to Request No. 178:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the individuals who were

assigned to provide Quinnipiac varsity athletic teams with marketing promotion, publicity and

sports information services and their qualifications.

**Request No. 179:**

Documents sufficient to show the names of personnel who provide or were assigned to provide
marketing, promotion, publicity, and/or sports information services to each Quinnipiac varsity
athletic team, broken down by team, during each school year since and including 1998-1999.

**Response to Request No. 179:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request 178.

**Request No. 180:**

Documents relating to the services provided by marketing, promotion, publicity, and/or sports
information personnel to each Quinnipiac varsity athletic team during each school year since and

including 1998-1999.

**Response to Request No. 180:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 181:**

Documents relating to the provision or assignment of sports information personnel to provide services at the home competitions of each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 181:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 182:**

Documents relating to the provision or assignment of sports information personnel to provide services at away competitions of each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 182:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 183:**

Documents sufficient to show the names of persons responsible for updating the websites of each Quinnipiac varsity athletic team during each year since and including 1998-1999.

**Response to Request No. 183:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 184:**

All publicity and promotional materials prepared for any Quinnipiac varsity athletic team during

any school year since and including 1998-1999.

**Response to Request No. 184:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents for the 2010-11 and 2011-12 academic

years.

**Request No. 185:**

All emails, bulletins, or other materials sent to Quinnipiac students & faculty informing them of
upcoming Quinnipiac varsity athletic team competitions during each school year since and
including 1998-1999.

**Response to Request No. 185:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request No. 184.

**Request No. 186:**

Documents relating to any promotions conducted at or presented to encourage spectators to
attend Quinnipiac varsity athletic team competitions (e.g., free pizza, free T-shirts, halftime
entertainment, door prize drawings) during each school year since and including 1998-1999.

**Response to Request No. 186:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 187:**

Documents relating to fall Midnight Madness festivities at Quinnipiac each school year since and
including 1998-1999, including plans, programs, videos, photographs, budgets, and
communications.

**Response to Request No. 187:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 188:**

All ABobcat Unleashed@ and other videos promoting Quinnipiac varsity athletes during any
year since and including 1998-1999.

**Response to Request No. 188:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce videos from 2010-11 and 2011-12.

**Request No. 189:**

Documents relating to the television, radio, or internet broadcast of any Quinnipiac varsity
athletic competition during any year since and including 1998-1999.

**Response to Request No. 189:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 190:**

Documents relating to the amount of personnel, money, and other resources provided by
Quinnipiac in order to broadcast Quinnipiac varsity athletic competitions during any year since
and including 1998-1999.

**Response to Request No. 190:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 191:**

Documents relating to any money or other items received by Quinnipiac from third parties as

payment for broadcasting Quinnipiac varsity athletic competitions during any year since and including 1998-1999.

**Response to Request No. 191:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 192:**

Documents relating to any contracts between Quinnipiac or any Quinnipiac employees and any media organizations related to Quinnipiac varsity athletic teams during any year since and including 1998-1999.

**Response to Request No. 192:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 193:**

Documents relating to any shoe or apparel contracts between Quinnipiac or any Quinnipiac employees and any media organizations related to Quinnipiac varsity athletic teams during any year since and including 1998-1999.

**Response to Request No. 193:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections Defendant will produce responsive contracts for the 2010-11 and 2011-12 academic

years.

**Request No. 194:**

Documents sufficient to show the Quinnipiac varsity athletic competitions at which the Quinnipiac cheerleaders performed, including home, away, & neutral sites.

**Response to Request No. 194:**

Defendant will produce responsive documents relating to the 2010-11 and 2011-12 academic

years.

**Request No. 195:**

Documents sufficient to show the Quinnipiac varsity athletic competitions at which the Quinnipiac mascot performed, including home, away, & neutral sites.

**Response to Request No. 195:**

Defendant will produce responsive documents relating to the 2010-11 and 2011-12 academic

years.

**Request No. 196:**

Documents sufficient to show the Quinnipiac varsity athletic competitions at which the Quinnipiac dance team or kickline performed, including home, away, & neutral sites.

**Response to Request No. 196:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 197:**

Documents sufficient to show the Quinnipiac varsity athletic competitions at which the Quinnipiac pep band or any other musical group performed, including home, away, & neutral sites.

**Response to Request No. 197:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 198:**

Documents relating to any special or extra promotions conducted to promote women's sports or Quinnipiac's women's varsity athletic teams during any school year since and including 1998-1999.

**Response to Request No. 198:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years.

**Request No. 199:**

Press releases sent out on behalf of any Quinnipiac varsity athletic team during any school year
since and including 1998-1999.

**Response to Request No. 199:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request 184.

**Request No. 200:**

Rosters and any other materials available for fans at Quinnipiac home varsity athletic
competitions during each school year since and including 1998-1999.

**Response to Request No. 200:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request 184.

**Request No. 201:**

Documents relating to any costs associated with the Quinnipiac men's basketball team's
participation in any post-season tournament during any year since and including 1998-1999.

**Response to Request No. 201:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive expenditure reports for the 2010-11 and 2011-12

academic years.

**Request No. 202:**

Documents sufficient to show the restrooms, concessions, and other amenities available to fans or athletes at each Quinnipiac home varsity athletic competition during each school year since and including 1998-1999.

**Response to Request No. 202:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome,

duplicative of previous requests, and not reasonably calculated to lead to the discovery of

admissible evidence.  See Response to Request 118.

**Request No. 203:**

Documents sufficient to show the game management, public address announcers, and scorekeepers assigned to each Quinnipiac home varsity athletic competition during each school year since and including 1998-1999.

**Response to Request No. 203:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 204:**

Documents sufficient to show which athletic administrators were assigned to supervise each Quinnipiac home varsity athletic competition during each school year since and including 1998-1999.

**Response to Request No. 204:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.   Subject to these

objections, Defendant will produce the Athletics Department Staff Handbook for the 2010-11

and 2011-12 academic years.

68

**Request No. 205:**

Documents and other materials sent to potential recruits for each varsity athletic team, including promotional materials, during each school year since and including 1998-1999.

**Response to Request No. 205:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**I.      Support and Administrative Services**

**Request No. 206:**

Documents sufficient to show the secretarial, clerical, administrative, travel, or other assistance/services provided to each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 206:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce the Athletics Department Staff Handbook for 2010-11 and

2011-12.

**Request No. 207:**

Documents sufficient to show the computer, printing, video, television, dubbing, and other equipment available to each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 207:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 208:**

Documents relating to the location, size, and amenities of each Quinnipiac coaching office for each varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 208:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. See Response to

Request 139.

**Request No. 209:**

Documents sufficient to show the availability of beverages, Muscle Milk, snacks, or other items
to each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 209:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 210:**

Documents relating to any early or prior registration provided directly or indirectly to any
Quinnipiac varsity athletes during any academic term since and including 1998-1999.

**Response to Request No. 210:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 211:**

Documents relating to any assistance provided by any Quinnipiac personnel to any Quinnipiac
varsity athlete in connection with class registration during any academic term since and including
1998-1999.

**Response to Request No. 211:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Lyneene Richardson.

70

**Request No. 212:**

Documents relating to any extra or different assistance provided to the athletes of any Quinnipiac varsity athletic team during any academic term since and including 1998-1999.

**Response to Request No. 212:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 213:**

Documents relating to any academic assistance provided to athletes who have exhausted their athletic eligibility or who otherwise are no longer members of a varsity athletic team during any academic term since and including 1998-1999.

**Response to Request No. 213:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**J.     Recruiting**

**Request No. 214:**

Documents that state the University's policies, procedures, or practices for recruiting varsity athletes for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 214:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive policies and procedures relating to the 2010-11

and 2011-12 academic years.

**Request No. 215:**

Documents that state the athletic recruiting budgets and expenses actually incurred, broken down by sex and sport, for each school year since and including 1998-1999.

71

**Response to Request No. 215:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce expenditure reports for the 2010-11 and 2011-12 academic

years.

**Request No. 216:**

Documents sufficient to show the personnel assigned to assist in the recruiting of varsity athletes
for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 216:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 217:**

Documents sufficient to show the geographic regions and locations where Quinnipiac recruits
incoming athletes for each Quinnipiac varsity athletic team for each school year since and
including 1998-1999.

**Response to Request No. 217:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 218:**

Documents announcing or relating to try-outs or walk-on opportunities for each Quinnipiac
varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 218:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce documents sufficient to identify tryout and walk on

72

opportunities for the 2010-11 and 2011-12 academic years.

**Request No. 219:**

Documents relating to recruiting trips taken on behalf of each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 219:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 220:**

Documents relating to the official visits made by recruits to Quinnipiac for each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 220:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 221:**

Documents sufficient to show the number of official visits and the number of unofficial visits made by recruits to Quinnipiac for each Quinnipiac varsity athletic team for each school year since and including 1998-1999

**Response to Request No. 221:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce documents sufficient to identify the number of official visits

made by recruits to Quinnipiac for each varsity team for 2010-11 and 2011-12.

**Request No. 222:**

The National Letters of Intent or similar documents submitted by the recruits of each Quinnipiac varsity athletic team for each school year since and including 1998-1999.

**Response to Request No. 222:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 223:**

Documents sufficient to show which Quinnipiac varsity athletes went through the National
Clearinghouse for athlete eligibility (or similar program) before beginning classes at Quinnipiac
during each school year since and including 1998-1999.

**Response to Request No. 223:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 224:**

All documents relating to the recruitment of participants for Quinnipiac's competitive cheer,
acrobatics & tumbling, or similar team during each school year since and including 1998-1999.

**Response to Request No. 224:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents for 2010-11 and 2011-12.

**Request No. 225:**

All documents relating to the recruitment of participants for Quinnipiac's women's rugby team
during each school year since and including 1998-1999.

**Response to Request No. 225:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these

objections, Defendant will produce responsive documents for 2010-11 and 2011-12.

**Request No. 226:**

Documents relating to any requests for additional or complaints about insufficient recruiting resources for any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 226:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Jack McDonald, William Mecca, Amy Terry, and

Mark Thompson.

**Request No. 227:**

Documents sufficient to describe the methods of recruitment used to recruit athletes for each Quinnipiac varsity athletic team during each school year since and including 1998-1999.

**Response to Request No. 227:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**K.     Budgets/Expenses**

**Request No. 228:**

Documents relating to the University's policies, procedures, or practices for determining the size of the athletic budget for the athletic department as a whole and for each varsity athletic team.

**Response to Request No. 228:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 229:**

Documents relating to the overall Quinnipiac athletic department budget for each school year

since and including 1998-1999.

**Response to Request No. 229:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 230:**

Documents relating to the athletic budgets for each Quinnipiac varsity athletic team for each
school year since and including 1998-1999.

**Response to Request No. 230:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce budgets for each varsity athletic team for 2010-11 and 2011-

12 and related documents in the files of William Mecca and Amy Terry.

**Request No. 231:**

Documents relating to the expenses actually incurred by each Quinnipiac varsity athletic team,
broken down for each subject/line item, for each school year since and including 1998-1999.

**Response to Request No. 231:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce expenditure reports for each varsity athletic team for the

2010-11 and 2011-12 academic years.

**Request No. 232:**

Documents relating to any requests for a larger budget for any Quinnipiac varsity athletic team
during any school year since and including 1998-1999.

**Response to Request No. 232:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

76

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Jack McDonald, William Mecca, Amy Terry, and

Mark Thompson.

**Request No. 233:**

Documents relating to any concerns or complaints raised relating to the size of the budget for any
Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 233:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years in the files of Tracey Flynn, Jack McDonald, William Mecca, Amy Terry, and

Mark Thompson.

**Request No. 234:**

Documents relating to any anticipated budget or expenditure increases for any Quinnipiac varsity
athletic team.

**Response to Request No. 234:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 235:**

Documents relating to any booster club, foundation, or other entity that provided support,
funding, or other resources to any Quinnipiac varsity athletic team during any school year since
and including 1998-1999.

**Response to Request No. 235:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 236:**

Documents sufficient to show the funds, resources, or in-kind contributions provided by any booster club, foundation, or other entity to any Quinnipiac varsity athletic team during any school year since and including 1998-1999.

**Response to Request No. 236:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 237:**

Documents relating to the University's policies, procedures, or practices for providing guaranties (whether monetary or in kind) to schools against which Quinnipiac competes/competed during any school year since and including 1998-1999.

**Response to Request No. 237:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce responsive documents relating to the 2010-11 and 2011-12

academic years.

**Request No. 238:**

Documents relating to any guaranties (whether monetary or in-kind) provided to or received from any school against which any Quinnipiac varsity athletic team competed during any school year since and including 1998-1999, including the value of any such guaranties.

**Response to Request No. 238:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections, Defendant will produce contracts regarding guaranties for the 2010-11 and 2011-12

academic years.

**Request No. 239:**

Documents relating to the athletic budgets and/or expenditures of each member school of the NEC and any other Quinnipiac athletic conference during each school year since and including 1998-1999.

**Response to Request No. 239:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

Dated: March 1, 2012

PROSKAUER ROSE LLP

By: _____
Edward A. Brill
Federal Bar No. phv01747
Susan D. Friedfel
Federal Bar No. phv03585
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
ebrill@proskauer.com
sfriedfel@proskauer.com

WIGGIN AND DANA
Mary Gambardella, Esq.
Federal Bar No. ct05386
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 363-7662
Fax: (203)363-7676
mgambardella@wiggin.com

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, a copy of the foregoing Defendant's Responses

and Objections to Plaintiffs' Third Request for Production was served on Plaintiffs' Counsel at

the address below by email and by overnight courier service.

Jonathan B. Orleans, Esq.
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

jborleans@pullcom.com

Susan D. Friedfel
Federal Bar No. phv03585