# Exhibit D2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-Z-1310

JENNIFER ROBERTS, JULIE OSBORNE, JANET BRUMBELOW, LAURA BIELAK, SARA STOUT, AMY RECOUPER,

    Plaintiffs,

v.

COLORADO STATE UNIVERSITY, COLORADO STATE BOARD OF AGRICULTURE, in its capacity as the entity charged with the general control and supervision of Colorado State University,

    Defendants.

PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANTS

Plaintiffs, by and through their attorneys, Kobayashi & Associates, P.C., submit the following Plaintiffs' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendants (plaintiffs' "First Set of Discovery") to be answered separately in writing pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "CSU," "you," or "your" means Colorado State University, including the entity itself, the Colorado State Board of Agriculture ("SBA"), and all past or current officers, directors, managers, employees, and agents of CSU and SBA.

2. "SBA" means State Board of Agriculture, including the entity itself and all past or current officers, board members, employees, agents, and counsel.

3. "Relating to" means with respect to, concerning, showing, or indicating knowledge of, embodying, reflecting, recording, mentioning, regarding or in any manner referring to, either directly or indirectly.

4. "Person" means any natural person, or company, firm, partnership, corporation, or other legal entity.

5. "Document" means but is not limited to, all materials encompassed by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

6. "Identity" or "identify", when used in connection with a natural person, means to state the person's full name, current or last known employer and position, current or last known business or home address, and business or home telephone number.

7. "Identity" or "identify", when used in connection with a document, means to state the author(s), recipient(s), subject matter(s), the date(s), on which the document was prepared, and the identity of each person having custody or control of the original or a copy of the document.

8. "Identity" or "identify", when used in connection with a natural person, means to state the person's full name, current or last known employer and position, current or last known business or home address, and business or home telephone number.

9. "Identity" or "identify", when used in connection with an object, means to give a description sufficient to identify the object, and to state its owner.

## INSTRUCTIONS

1. In responding to this First Set of Discovery, please furnish all information which is available to you, as well as all information known to any of your servants, employees, representatives, or agents, including your attorneys, or persons otherwise subject to your control.

2. For the convenience of the court, witnesses, and counsel, please restate the text of each discovery request immediately before each response.

3. A denial to a request for admission shall fairly meet the substance of the requested admission, and when good faith requires you to qualify an answer or deny only part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remaining portion.

4. Documents shall be segregated according to the paragraph to which they are responsive. If a document is responsive to more than one paragraph of these requests, it need only be produced

once.  Identify by writing such paragraph(s) of the requests to which no responsive documents are produced. Original documents and all copies thereof that bear any mark or annotation not present in the original shall be produced.

5.  If any document herein requested was formerly in your possession, custody, or control and has been lost or destroyed, you are requested to submit in lieu of each document a written statement which:

   a.  Describes in detail the nature of the document and its contents;

   b.  Identifies the person(s) who prepared or authored the document, and if applicable, the person(s) to whom the document was sent;

   c.  Specifies the date on which the document was prepared or transmitted or both; and

   d.  Specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

6.  If you contend that any document requested has previously been produced, please designate when and within what materials the documents were produced.

7.  In the event you withhold any document as privileged, you are requested to provide a list of the documents withheld and state the following information with respect to each document withheld:

   a.  The date appearing on the document, and if it has no date, the approximate date on which it was prepared;

   b.  The title, label, code number, or file number of the document;

   c.  The name and current address of the person(s) who signed the document, and if it was not signed, the name and current address of the person(s) who prepared it;

   d.  The name and current address of the person(s) to whom the document was directed and the person(s) to whom a copy of the document was directed;

3

e.  A general description of the subject matter(s) to which the document relates;

f.  The name and current address of the person(s) having present possession, custody, or control of the document; and

g.  The grounds on which the document has been withheld.

8.  This First Set of Discovery is deemed continuing, and your answers are to be supplemented promptly upon acquisition or discovery of additional responsive information as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.  Identify all persons who assisted in preparing responses to plaintiffs' First Set of Discovery.

2.  Provide the number of full time undergraduate students enrolled at CSU as of September 1992.

3.  Provide the number of athletes by team, as of September 1992.

4.  Identify any and all women's sports added or eliminated from 1972 to the present and the number of players on each team. Identify the year the sport was added and/or deleted, and reinstated, if applicable.

5.  Identify any and all men's sports added or eliminated from 1972 to the present and the number of players on each team. Identify the year the sport was added and/or deleted, and reinstated, if applicable.

6.  Identify each and every communication between you and the Office of Civil Rights from 1982 to the present, including:

   a.  The names of the individuals involved in the communication;

   b.  the date of such communication;

   c.  the nature of the communication, i.e. whether it was a conversation, meeting, letter, telephone call;

4

    d.    an identification of any documents referencing or memorializing such communication; and

    e.    the subject matter of such communication.

7. Identify any and all CSU and SBA employees, agents, or officials who have participated in any OCR investigation from 1982 to the present.

8. Identify every woman athlete, including former softball players, interviewed or otherwise contacted by the OCR from 1982 to the present.

    a.    With respect to any OCR-athlete interviews, state whether CSU assisted the OCR in contacting or otherwise arranging for such interviews, including whether CSU provided OCR with the telephone numbers or addresses of the athletes or a location for the interviews.

9. Please state:

    a.    whether Roselyn Cutler presently plans to remain CSU's Title IX Coordinator for the duration of the 1992-93 school year; and

    b.    whether Ms. Cutler plans to remain CSU's Title IX Coordinator for the 1993-94 school year.

If your answer to Interrogatory No. 9(a) and/or (b) is "no," state whether CSU has selected a replacement for Roselyn Cutler and identify such replacement, if any.

10. Please state:

    a.    whether Corey Johnson plans to remain CSU's Athletic Director for the duration of the 1992-93 school year; and

    b.    whether Mr. Johnson will remain CSU's Athletic Director for the 1993-94 school year.

If your answer to Interrogatory No. 10(a) and/or (b) is "no," state whether CSU has selected a replacement for Corey Johnson and identify such replacement, if any.

11. List all requests submitted to you requesting new varsity athletic teams at CSU. Identify the date of the request, the person making the request, and the sport for which a team was requested.

12. Provide a list of all club and intramural sports at CSU.

13. Provide a full statement of all reasons which contributed to CSU's decision to drop its varsity softball program at the end of the 1991-1992 academic year.

14. Describe all efforts undertaken by CSU from 1980 until the present to determine the interest of CSU students in CSU's intercollegiate sports program in general and/or in particular intercollegiate sports.

15. Has CSU ever conducted a survey or assessment of student interest in athletics? If so, when was such survey conducted?

16. State the principal geographical areas from which CSU has drawn its student body from 1982 to the present by identifying the top ten states from which CSU's students came and the percentage of students from each of those ten states for each academic year.

17. Describe all efforts undertaken by CSU from 1980 until the present to determine the interest of the secondary school and/or other pre-college population in the geographic areas identified in response to Interrogatory No. 16, in particular intercollegiate athletic sports.

18. List all intercollegiate teams, male and female, which CSU has offered from the 1982-1983 academic year until the present, by academic year, with number of students participating on each team for each academic year.

19. Corey Johnson has asserted that men's basketball and football are the only revenue-producing sports at CSU. Provide, for academic years 1982-1983 through the present, inclusive, a statement both of all income, by category, and all expenses, by category, for each intercollegiate sport offered by CSU. Regarding expenses, this statement shall include, but shall not be limited to, athletic scholarships, overhead, including stadium-related costs, marketing and promotional costs, and administrative costs attributed to each sport. Regarding income, this statement shall include, but shall not be limited to, student fees, other student assessments, and governmental support, both federal and state, which is attributed to each sport.

20. Rosalyn Cutler has asserted that CSU provides equitable recruiting support to its male and female teams. Provide a full description of all recruiting efforts, including but not limited to recruiting budgets, for each of CSU's intercollegiate sports for each academic year from 1982-1983 through 1992-1993, inclusive.

21. Corey Johnson has asserted that a reason for dropping softball includes its travel schedule. Produce full travel schedules for each CSU intercollegiate athletic team for each academic year from 1982-1983 through 1992-1993, inclusive.

22. Does CSU have any future plans to add any additional teams to its intercollegiate athletics program? If so, state what teams and describe, in full, the nature of the consideration.

23. Does CSU have any future plans to drop any teams from its intercollegiate athletic program? If so, state what teams and describe, in full, the nature of the consideration.

24. Identify who made the decision to terminate the women's softball program.

25. Did SBA know of the decision to add a women's softball team at the University of Southern Colorado? Did SBA initiate the process to add softball? Did SBA approve the decision to add softball? How was the decision made? Did the University of Southern Colorado conduct a survey of its student body on athletic interest?

26. Have there ever been any co-ed intercollegiate athletic teams at CSU? If so, name the sport and identify the years in which the team(s) competed.

27. Provide a complete statement of all your plans to increase women's participation in intercollegiate athletics at CSU.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce every document which you relied on or identified in your answers to the Requests for Admissions and Interrogatories.

2. Produce any and all documents relied on by Roselyn Cutler in preparing her chart, which was admitted into evidence as plaintiffs' Exhibit 3.

3. Produce every document CSU produced to the OCR from 1982 to date.

4. Produce every document produced to the OCR since the May, 1992 Appendix A production to plaintiffs.

5. Produce any and all documents that record, reference, or otherwise relate to communications between the OCR and CSU from 1982 to the present including, but not limited to, internal CSU or

7

SBA memoranda, minutes of meetings, and reports, as well as correspondence, interview or investigation schedules, production requests, memoranda, and reports from the OCR to CSU or from CSU to the OCR.

6. Produce every roster for every athletic team submitted to the NCAA from 1982 to the present.

7. Produce all surveys or assessments of student interest in athletics from 1982 to the present.

8. Produce all minutes of SBA meetings reflecting any discussion of athletic programs at CSU for the period 1982 to the present.

9. Produce all minutes of SBA meetings reflecting any discussion of the addition of women's softball at the University of Southern Colorado for the period 1982 to the present.

10. Produce all documents that relate in any way to CSU's decision to drop the softball team at the end of 1991-1992 academic year.

11. Produce all documents regarding, in any way, efforts undertaken by CSU from 1980 until the present to determine the interest of CSU students in CSU's intercollegiate sports program in general and/or in particular intercollegiate sports.

12. Produce all documents regarding efforts undertaken by CSU from 1980 until the present to determine the interest of the secondary school and/or other pre-college population in the geographical areas identified in response to Interrogatory No. 16, in particular intercollegiate sports.

13. Produce all documents which form the basis of Roselyn Cutler's assertion that: (1) CSU has the highest rate of female participation in Western Athletic Conference (WAC) and (2) CSU is the only school in the WAC to offer more teams for women than for men.

14. Produce all records of expenditures and income for each intercollegiate athletic sport offered by CSU for each academic year enumerated in Interrogatory No. 19. Year-end records which fully summarize income and expenditures for a particular year for a particular sport shall be acceptable for such year.

8

## REQUESTS FOR ADMISSION

1. Admit that there is sufficient interest to sustain an intercollegiate NCAA Division I softball program at CSU. If you deny this statement, please state every factual basis for such denial.

2. Admit that CSU is not currently accommodating the Plaintiffs' expressed interest in intercollegiate NCAA Division 1 softball. If you deny this statement, please state every factual basis for such denial.

3. Admit that the athletic participation numbers provided by Roselyn Cutler in preliminary injunction hearing exhibit 3 are accurate. If you deny this statement, please provide updated and correct participation and/or enrollment information for the athletic years 1980-81 to the present.

4. Admit that the SBA is the governing entity of the University of Southern Colorado.

5. Admit that the University of Southern Colorado will add women's softball to its NCAA Division II athletic program during the 1993-1994 season.

6. Admit that CSU represented to the softball players that it would construct a softball field on campus.

7. Admit that CSU's 1989 plan submitted to OCR included a commitment to construct a new softball field.

Respectfully submitted this 23rd day of September, 1992.

KOBAYASHI & ASSOCIATES, P.C.

By: _____
John M. Kobayashi, No. 4345
Pamela A. Gagel, No. 15004
Karen E. Robertson, No. 19079
1700 Broadway, Suite 1900
Denver, Colorado 80290
Telephone: (303) 861-1900

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF ~~MAILING~~ *HAND DELIVERY*

I hereby certify that on this 23RD day of *SEPTEMBER*, 1992, a true and accurate copy of the foregoing PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANTS was served by hand delivery, addressed as follows:

> William E. Thro, Esq.
> Michael Williams, Esq.
> Michael Schreiner, Esq.
> Assistant Attorneys General
> Human Resources Section
> Education Unit
> Office of the Attorney General
> State Services Building
> 1525 Sherman Street, 5th Floor
> Denver, Colorado  80203

*[signature: Curt P. Zelepugas]*

N:\10910101\DSCVRY\FIRSTINT.923

10