IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE BIEDIGER, KAYLA LAWLER, ERIN OVERDEVEST, KRISTEN CORINALDESI, and LOGAN RIKER, individually and on behalf of all those similarly situated; Plaintiffs, | ) | Case No. 3:09-CV-621(SRU) |
| v. | ) | June 17, 2013 |
| QUINNIPIAC UNIVERSITY, Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A FINAL ORDER APPROVING THE PROPOSED CONSENT DECREE**

## ARGUMENT

### I. THE CONSENT DECREE SHOULD BE APPROVED

Defendant, Quinnipiac University, submits this memorandum of law in support of Plaintiffs' Motion for a Final Order Approving the Consent Decree. As set forth in Point IV of Plaintiffs' Memorandum of Law in Support of Their Motion for a Final Order Approving the Proposed Consent Decree ("Pl. Mem."), the settlement meets the standard set forth by the courts in this circuit. It was reached through extensive arms-length negotiation by competent counsel through a professional mediator and represents a fair compromise that provides enormous benefit to the class. No member of the class has presented any objections to the Decree. If the settlement is not approved, the litigation would be costly, lengthy and present complex legal and factual issues with little precedential guidance. Furthermore, even if Plaintiffs were to succeed in the litigation, it is possible, as Plaintiffs' concede, that the relief awarded by the Court would not exceed that provided in the settlement. (Pl. Mem. at 13.) The settlement, therefore, should be approved.

### II. DEFENDANT'S RESPONSE TO PLAINTIFFS' "ADDITIONAL COMMENTS"

Rather than joining in Plaintiffs' memorandum of law, Defendant submits this separate memorandum of law to address Plaintiffs' arguments in the "Additional Comments" section of their memorandum of law. (Pl. Mem. at 15-17.) First, Plaintiffs indicate that, upon termination of the Consent Decree, they will have an unrestricted right to challenge any alleged violation of Title IX by Quinnipiac in the future. At the outset, Defendant notes that, in the Consent Decree, the parties explicitly reserved their

rights with respect to their legal positions. (Proposed Decree Section VIII, Paragraph B.) Further, Defendant does not dispute that, upon termination of the Decree, female students at Quinnipiac will not be barred from asserting claims under Title IX relating to athletics. There will, however, no longer be a certified class of plaintiffs. Assuming the Decree is approved and Quinnipiac complies with the terms of the Decree, as it fully intends to do, this case will be dismissed with prejudice at the termination of the Decree. Any litigation thereafter would have to be filed by new plaintiffs.

Second, just as Plaintiffs do not concede that the rugby team will necessarily provide legitimate participation opportunities under Title IX at the termination of the consent decree, Defendant reserves its right to argue in the future that Rugby provides legitimate participation opportunities under Title IX based upon future circumstances as the sport continues to grow and develop. Furthermore, although the Consent Decree does not address the Acrobatics and Tumbling team, Quinnipiac reserves its right to argue in the future that the Acrobatics and Tumbling team provides legitimate participation opportunities under Title IX based upon future circumstances as that sport grows and develops as well.

Third, Plaintiffs further reserve their right to challenge the women's track and field teams upon the termination of the Decree. To the extent future plaintiffs may seek to challenge the women's track and field teams as not providing legitimate participation opportunities, Defendant notes that this Court has already held that the athletes on the indoor and outdoor track teams count as participants in each sport in which they participate. The additional commitments the University has made to those sports can only bolster the University's position on that point.

## CONCLUSION

Defendant joins with Plaintiffs in requesting that the Court approve the Consent Decree.

Dated: June 17, 2013

PROSKAUER ROSE LLP

By: /s/ Edward A. Brill

Edward A. Brill
Federal Bar No. phv015747
Susan D. Friedfel
Federal Bar No. phv03585
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
ebrill@proskauer.com
sfriedfel@proskauer.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2013, the foregoing Defendant's Memorandum of Law in Support of Plaintiffs' Motion for a Final Order Approving the Proposed Consent Decree was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Edward A. Brill
Edward A. Brill
Federal Bar No. phv015747