UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHANIE BIEDIGER, et al.,
Plaintiffs,

v.

No. 3:09cv621 (SRU)

QUINNIPIAC UNIVERSITY,
Defendant.

## ORDER APPROVING CONSENT DECREE

This matter came before the Court on the Plaintiffs' Motion for Final Approval of Consent Decree (doc. # 309). Both the Plaintiffs and the Defendant filed Memoranda of Law in support of Plaintiffs' Motion.

On April 29, 2013 this Court granted the parties' Joint Motion for Order: (1) Preliminarily Approving Consent Decree; (2) Authorizing Distribution of Notice of Settlement; and (3) Setting a Schedule for Fairness Hearing and Final Approval. The parties have represented to the Court that, in accordance with that Order, notice in the form approved by the Court was sent by email to the members of the certified class on or about May 6, 2013. No class members have filed any objections to final approval of the Consent Decree. One comment was received from Quinnipiac's women's rugby team.

The Court conducted a Fairness Hearing on June 20, 2013, at which counsel for the parties appeared and were heard. Class members seeking to comment on the proposed Consent Decree were also permitted to address the Court.

Based on the parties' written submissions, the representations of counsel at the Fairness Hearing, and upon the absence of objection from class members, the Court finds that the

proposed settlement embodied in the Consent Decree is fair, reasonable and adequate. Therefore, the Court hereby ORDERS as follows:

1. The proposed Consent Decree (doc. # 307-1), submitted to the Court on April 26, 2013, is APPROVED, and is hereby entered as an Order of the Court. Counsel for the parties are directed to submit a fully-executed original of the proposed Consent Decree to my chambers. I will sign it and it will be entered on the docket.

2. In accordance with the Consent Decree, the Court appoints Jeffrey Howard Orleans as the "Referee" under the Consent Decree. Mr. Orleans shall have all of the powers, authority and responsibility granted to the Referee under the terms of the Consent Decree, and shall report to the Court as described therein and/or at such other times as he deems appropriate. Mr. Orleans is authorized to engage in ex parte communications with either party to the extent he deems such communications appropriate to advance the purposes of the Consent Decree. Mr. Orleans' compensation arrangements shall be negotiated between Mr. Orleans and counsel for the parties, subject to the Court's review at the Court's discretion or in the event of any dispute.

3. The Court shall retain jurisdiction over this matter for the purpose of ensuring that the Consent Decree is implemented according to its terms. In the event of any dispute concerning the interpretation or implementation of the Decree that cannot be resolved among the parties and the Referee in accordance with the procedures contained therein, counsel or the Referee may notify the Court, and I will take appropriate action.

4. Absent further order of the Court, the Consent Decree and the permanent injunction shall terminate effective July 1, 2016.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge